PER CURIAM.
In denying appellant’s motion for relief under Florida Rule of Criminal Procedure 3.850, the trial court ruled that “the defendant cannot establish he was erroneously misled or that he received ineffective assistance” of counsel in the form of advice he received concerning provisional credits, advice that the decision in Gomez v. Singletary, 733 So.2d 499, 508 (Fla.1998) later proved, he alleged, had been erroneous, saying:
Indeed, under Gomez, the defendant appears to be entitled to all awardable provisional credits as a Group V offender as specified in such decision, i.e., those not awarded under the Department of Correction[s]’s erroneous retroactive application of the statutory amendment, as well as, those not awarded because of the commencement and operation of the Control Release Program, as so provided by the decision.
We agree with this analysis. See, e.g., Winkler v. Moore, 831 So.2d 63, 71 (Fla.2002) (noting that the Department of Corrections (DOC) had restored canceled provisional credits to James Cross, pursuant to Gomez); Mayes v. Moore, 827 So.2d 967, 970 (Fla.2002) (noting that DOC awarded Mayes 800 days of provisional credits in the wake of Gomez, which should have been awarded in the mid-90s).
AFFIRMED.
ERVIN, KAHN, and BENTON, JJ., Concur.